E. L. ANDERSON, RESPONDENT, v. CHARLES DAIL, APPELLANT.

Kansas City Court of Appeals. November 11, 1929.

*R. S. Kathan* and *Chas. K. Hart* for respondent.

*Lon R. Owen, O. F. Libby* and *Thos. P. Burns* for appellant.

BARNETT, C.—This is a suit for damages. On the 12th day of September, 1927, the plaintiff, respondent here, was driving twenty head of two year old steers from Chariton County, Missouri, to his farm northwest of Bucklin, Missouri. He came by way of the town of Marceline, Missouri, and from there went northward on Highway No. 5. When he was about three-fourths of a mile from Marceline the defendant, appellant here, drove his car into the herd of cattle whereby some of the steers were injured. The collision occurred about eight o'clock in the evening. There was a carnival in progress in Marceline at this time. The night was dark, the weather was hot and dry, and the road dusty. The son of the respondent and a hired man were driving the cattle, and there was no one acting for plaintiff in front of the cattle.

Defendant filed an answer which consisted of a general denial together with the allegations that Highway No. 5 was a much used public highway and that defendant was traveling thereon and exercising the highest degree of care; that defendant had no notice of cattle being on the highway until they were almost to and upon him, and that when defendant discovered such cattle he turned the car to the right and brought it to a dead stop, and that plaintiff's cattle swarmed and collected around, upon and against defendant's automobile and destroyed it. There was a prayer for judgment against the plaintiff. At request of plaintiff the court gave the following instructions:

"No. 2. The court instructs the jury that it is the duty of a person driving a motor vehicle upon the public highway in the night-time to so drive said motor vehicle in such a prudent manner and at such a rate of speed that he can stop the said motor car within such a distance as would enable him to avoid striking any object upon

said highway, and in the present case it was the duty of the defendant in driving his said motor car to so drive the said car that he would be able to stop the said motor car within the range of the lights upon said car, and if you shall find from the evidence that he did not so drive and operate the said motor car, then he was not at the time exercising the highest degree of care, and your finding should be for the plaintiff upon the cause of action stated in the petition of the plaintiff.''

"No. 3. The court instructs the jury that it is the duty of a person driving a motor vehicle upon the public highway in the nighttime to so drive said motor vehicle in such a prudent manner and at such a rate of speed that he can stop the said motor car within such a distance as would enable him to avoid striking any object upon said highway, and in the present case it was the duty of the defendant in driving his said motor car to so drive the said car that he would be able to stop the said motor car within the range of the lights upon said car, and if you shall find from the evidence that he did not so drive and operate the said motor car, then he was not at the time exercising the highest degree of care, and your finding should be for the plaintiff upon the counterclaim stated in the answer of the defendant.''

The judgment was for plaintiff both upon the petition and the counterclaim, and defendant appealed.

## Opinion.

Plaintiff contends that the court erred in giving instructions 2, 3, 4, 6, and 8 because such instructions referred the jury to the petition and the counterclaim to ascertain what issues were involved. Instructions 2 and 4 tell the jury that if they find certain facts therein outlined then their findings should be for the plaintiff upon the cause of action stated in the petition of the plaintiff. Instructions 3 and 6 tell the jury that if they find certain facts their findings should be for the plaintiff upon the counterclaim stated in the answer of the defendant. Instruction 8 contains the following language:

"The court instructs the jury that if you shall find a verdict for the plaintiff upon the petition of the plaintiff and against the defendant upon the cross-bill sought to be alleged in the answer of the defendant, your verdict may be in the following form.''

None of these instructions refer the jury to any pleadings to ascertain what issues of fact are to be determined. The issues of fact are outlined in the instructions without regard to any pleading. The references to the pleadings in instructions 2, 3, 4, and 6 were proper because they enabled the jury to know whether or not a finding of the facts outlined in the instructions should result in a verdict on the petition or upon the counterclaim. Instruction No. 8

merely submitted the form of the verdict in the event the jury should find for the plaintiff on both the petition and the counterclaim.

It is contended that defendant's instruction in the nature of a demurrer to the evidence should have been given because plaintiff was guilty of contributory negligence as a matter of law in that he drove his cattle upon a public highway in the nighttime in the vicinity of the town of Marceline where a carnival was in progress without placing someone in front of the cattle to give notice of their approach. The statute requires the driver of an automobile to maintain lights in order that he may see objects upon the highway and thus avoid collision; but there is no statute requiring anyone to maintain an advance guard to herald the approach of cattle. Neither has any universal custom crystallized into a common-law rule to that effect. It is true that defendant introduced evidence that it was customary to send some person ahead when cattle were driven at night, but the jury did not have to believe this evidence; and even if they did, they nevertheless had a right to find that the plaintiff's agents did not fail to act as reasonably prudent persons by driving the cattle without such advance guard. The question of plaintiff's contributory negligence was a question for the jury. [Hannah v. Butts, 14 S. W. (2d) 31; Beebe v. K. C., 17 S. W. (2d) 608.]

It is contended that respondent's instructions 2 and 3 were erroneous because they told the jury that appellant was required to so drive his car that he would be able· to avoid striking any object on the highway without ·defining what condition, or what objects, whether moving or still. It is claimed that this required defendant to so drive that he would avoid striking any object upon the highway and was so general as to make it impossible for the appellant to have so driven his car as to meet the requirement. There was evidence on the part of the defendant that it was dark and the dust in low places hung like a fog. Defendant said he did not have any notice that someone was driving cattle until he was right into them, and then he put on his brakes and stopped; that when he saw the cattle he grabbed his emergency brake and the car slid ten or fifteen feet; that one of the steers lunged on top of his car and part of the cattle went through the fence; that before he came to the cattle he was going down a long grade and just as his lights went across a bridge he got a glimpse of the cattle coming down the hill; that he was going twenty-five or thirty miles an hour; that he saw them when he got within ten or fifteen feet of them. In view of this evidence we think the instructions were erroneous. It was the duty of the driver to exercise the highest degree of care, but if it be said that it is his duty to drive at such a rate of speed that he could stop the motor car within such a distance *as would enable him to*

*avoid striking any object upon the highway,* then the defendant's liability is measured by the fact that he struck the object, not by the degree of care which he had exercised before the collision occurred. It amounted to a peremptory instruction to find the defendant guilty of negligence if he struck the cattle.

The judgment should be reversed and the cause remanded. The commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by BARNETT, C., is adopted by the court. The judgment is reversed and the cause remanded. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.