E. L. ANDERSON, APPELLANT, v. CHARLES DAIL, RESPONDENT.—77 S. W. (2d) 169.

Kansas City Court of Appeals. December 3, 1934.

*R. S. Kathan, John C. Carr* and *Charles K. Hart* for appellant.

*Thos. P. Burns* and *Lon R. Owen* for respondent.

SHAIN, P. J.—The appellant, hereinafter referred to as plaintiff, brought this action for damages against the respondent, hereinafter referred to as defendant, charging that the defendant so negligently operated his automobile on the public highway as to cause same to run into and injure cattle that plaintiff was driving over said highway.

The defendant joined issue by answer, denying negligence on his part and charging contributory negligence on the part of plaintiff.

This case was before this court in the October term, 1929. In the former trial, judgment for the plaintiff was had and this court reversed and remanded on grounds of error in instructions. The case is reported in 224 Mo. App. 403, 21 S. W. (2d) 496.

The facts pertinent to the issues, as before presented, are so clearly stated in the above opinion that we need only add herein allegations in an amended answer, which present questions not before us on former appeal. The matter referred to is as follows:

"Defendant further states that at the time plaintiff so carelessly and negligently drove his said twenty head of cattle loose in said road in the nighttime, there was a well defined rule and custom in Linn County, Missouri, requiring some person to go ahead of loose cattle in the road, being driven in the nighttime, or give some notice to users of the highway that cattle were being driven loose on the highway and at said time ordinary care required the plaintiff to have someone ahead of said cattle, or to give some notice that said cattle were coming, for the protection of persons using said highway that is to say there is a well defined custom among stockmen in Linn County, Missouri, to give notice to persons using the highway when cattle were being driven loose on highway in the nighttime. That practical stockmen in Linn County and surrounding counties in Missouri do generally give some notice ahead of the approach of cattle driven loose on a highway in the nighttime."

Trial was by jury and the verdict was for the defendant. Judgment was entered in accordance with the verdict and the plaintiff has appealed.

## OPINION.

The plaintiff's first assignment of error is based upon the action of the trial court in overruling plaintiff's motion to strike out the allegations of defendant's answer which are above set out.

The plaintiff's assigned reasons are, that the allegations constituted no defense to plaintiff's cause of action; that said allegations are not based upon alleged contributory negligence; and that same controvert the law of this case as declared in the former appeal.

While the original petition, upon which this case was first tried, had no allegations such as the one above, still evidence as to customs was introduced in the first trial and the question, as to custom being the law of the case, was duly before this court on the former hearing and was definitely decided by this court.

In our opinion, 224 Mo. App. 1. c. 406, this court says:

"The statute requires the driver of an automobile to maintain lights in order that he may see objects upon the highway and thus avoid collision; but there is no statute requiring anyone to maintain an advance guard to herald the approach of cattle. Neither has any universal custom crystallized into a common-law rule to that effect."

To permit the defendant, in his amended answer, to set up the matters in defense that controvert the declared law in our former opinion is in effect to permit the defendant to nullify the law of the case by pleading in effect, that neither the statutory law nor the common-law rule applies in Linn County, Missouri, for the reason that the people of that particular community had a local custom which superseded operation of law as declared in our opinion. We here add, to what was said in the former opinion, by saying that the law of the public highways of Missouri cannot be abrogated by local custom.

We conclude, from the wording of the amendment and from the wording of questions and answers shown in the record and from the rulings of the court touching same, that the amended pleading, the admitted evidence and rulings thereon tended to give to the jury the erroneous impression that plaintiff could not recover if he did not follow the local custom.

For the above reasons, we conclude that it was reversible error to overrule plaintiff's motion to strike.

Let it be understood that our conclusion above does not go to the question of any and all evidence of the conduct of the plaintiff in driving his cattle over the highway and we adhere to what was further said in our former opinion:

"It is true that defendant introduced evidence that it was customary to send some person ahead when cattle were driven at night, but the jury did not have to believe this evidence; and even if they did, they nevertheless had a right to find that the plaintiff's agents did not fail to act as reasonably prudent persons by driving the cattle without such advance guard. The question of plaintiff's contributory negligence was a question for the jury. [Hannah v. Butts, 14 S. W. (2d) 31; Beebe v. K. C., 17 S. W. (2d) 608.]"

As this case will be remanded, we note as to other claims of error.

The plaintiff makes complaint that the trial court overruled his motion to strike, from the amended petition, the following language, to-wit:

"The plaintiff's cattle so carelessly and negligently driven on said highway, without any protection of persons going southward on said Highway No. 5, swarmed and collected around, against and upon defendant's automobile."

The above appears to be a segregated clause going to issues based upon a counterclaim, which appears to have been abandoned. While we conclude that the clause tends somewhat to confuse and is not a clear and concise statement of any defense, still taken alone, we conclude, would not justify a reversal.

The plaintiff makes claim of error in the giving of defendant's instruction No. 1. The instruction complained of requires that the plaintiff recover, if at all, on a preponderance of the credible testi-

mony as to defendant's negligence. The plaintiff complains that there is nothing in the instruction stating that the burden is upon defendant, as to contributory negligence. The instruction is based entirely upon defendant's denial of negligence and we conclude correctly states the rule as to preponderance.

The plaintiff cites and is clearly confused as to the court's conclusion in Chaar v. McLoon, 304 Mo. 238, and especially as to the ruling in Raymen v. Galvin, 229 S. W. l. c. 749, wherein plaintiff was entitled to go to the jury on two theories: "First, that he was not guilty of contributory negligence; and second, that, assuming that he was, he could recover under the humanitarian rule."

The plaintiff also cites Tappmeyer v. Ryckoff, 45 S. W. (2d) 890.

The opinion in the above case is distinguished from the one at bar in that the instruction complained of was directed to all facts necessary to recovery, while the instruction herein was directed to the question of defendant's negligence alone and correctly tells the jury that the burden was upon the plaintiff to prove the allegation.

The plaintiff makes claim of error in admission of evidence based upon custom. In the assignment our rule, as to designating where found in the record, is violated. However, from our examination of the record in connection with plaintiff's motion to strike, we gather that the evidence objected to came into the case in support of the amendment that we have concluded should be striken and, that being the case, we need not further comment on same.

For the reasons assigned above, the judgment is reversed and cause remanded. All concur.