ROSALEE WILLIAMS, NETTIE WILLIAMS and SARAH WILLIAMS, Infants, by WALTER F. SHEEHAN, Public Administrator and *Ex Officio* Public Guardian and Curator, Appellants, v. CHARLES A. GUYOT and A. J. BRUCE, a Partnership, Doing Business Under the Name of LITTLE ROCK FORWARDING COMPANY, PORTER L. COLEMAN and HARVEY MITCHELL.—126 S. W. (2d) 1137.

Division One, April 1, 1939.

*Max Sigoloff* for appellants.

*Wilbur C. Schwartz* and *Morton K. Lange* for respondents.

BRADLEY, C.—This is an action to recover damages for the alleged wrongful death of Ben Williams. Plaintiffs are his minor children. The wife of deceased and mother of plaintiffs was dead. A jury trial resulted in a verdict for defendants and plaintiffs appealed.

Deceased was killed on the night of June 1, 1935, at the junction of Chouteau Avenue and Paul Street, St. Louis, by being struck by a truck driven by defendant Mitchell. Plaintiffs alleged and submitted numerous grounds of primary negligence, and also the humanitarian doctrine. Defendants, Guyot and Bruce, answered by general denial, and defendants, Coleman and Mitchell, answered by a general denial and a plea of contributory negligence.

Chouteau Avenue is an east and west street. Paul Street joins Chouteau on the south side and extends south two or three blocks, but does not extend north of Chouteau. On the night of June 1, 1935, around one o'clock A. M., deceased and Gene Borelli started from Seventh Street, two blocks east of Paul Street, and walked west on the sidewalk on the south side of Chouteau to and into Paul Street. Chouteau is fifty-six feet in width and Paul Street is twenty-four feet in width. Borelli was to the left of deceased, and according to Borelli, plaintiffs' witness, when he and deceased were about 4 feet into Paul Street, the truck, coming from the east on Chouteau, without warning of any kind, turned south into Paul Street at 25 or 30 miles per hour, and that he was able to put out his hands and push himself backward and escape, but that the left front corner of the trailer struck down deceased, and the left rear wheels

passed over his body, and Borelli testified that the back of deceased's head "was smashed in," and a leg broken. Borelli said, in effect, that the part of the trailer that he touched, when he pushed himself backward, was the left front corner. What is called the tractor part of the truck was 12 feet in length and the trailer was 22 feet. Borelli said that he looked before they stepped into Paul Street, but did not know whether deceased looked.

Defendant Mitchell testified that he was driving west on the north side of Chouteau, and that he saw "these two fellows" standing on the sidewalk at the southeast corner of Chouteau and Paul Streets and that each had his arm on the other's shoulder; that he "circled out" at 12, 13, or 14 miles per hour, and that when the front part of his truck got into Paul Street "they (deceased and Borelli) looked just like they walked up a little and they still watched me;" that when the rear wheels of the trailer were about even with the sidewalk on Chouteau he "heard a bump," and "heard Borelli jump up and down and holler, and well, I stopped and got out and ran back," and that deceased was lying about 2½ feet from the rear of the trailer. He further testified that the trailer was then "something like" 10 or 11 feet from the east side of Paul Street, and to the effect that the body of deceased was about the same distance from the east side of Paul Street.

Police Officer O'Brien, plaintiffs' witness, testified that he "went down to investigate," and that "on the left side of the trailer near the front there was some strands, strands just like gray hair;" that he "found no blood on the trailer." Eugene McClory, a witness for defendants, testified that he saw (shortly after the accident) "the truck that figured in the collision," and examined it; that he "discovered a mark on the left side of the trailer that showed hair, which was about seven or ten feet from the front of the trailer."

■ Plaintiffs assign error on defendants' Instructions 1, 13, and 14.

Defendants' Instruction No. 13 follows: "The court instructs the jury that if you find and believe from the evidence that at the time mentioned in the evidence plaintiff undertook and did walk from the east curb of Paul Street at its intersection with Chouteau Avenue, and did walk into the left side of the trailer mentioned in the evidence; and if you further find that at said time plaintiff was in peril of colliding with said trailer, and that plaintiff, in exercising ordinary care for his own safety, would not have undertaken to walk across said Paul Street, if you so find, and that plaintiff's act in so walking across said Paul Street and into the left side of said trailer at the time and place mentioned in the evidence, if you find he did so walk into the side of said trailer, directly and proximately contributed to cause his injuries and subsequent death, then plaintiffs are not entitled to recover in this case, and your verdict must be

in favor of all the defendants, unless you find for plaintiffs under Instruction No. III.''

It will be noted that the word *plaintiff* is used throughout the instruction for the word *deceased.* Plaintiffs' Instruction III submitted the case under the humanitarian doctrine.

Plaintiffs complain of Instruction 13 on six grounds, viz.: (1) That the instruction predicated defeat of plaintiffs' case, on primary negligence, as to all of the defendants on the defense of contributory negligence, when only two of the defendants (Coleman and Mitchell) pleaded contributory negligence; (2) that the instruction was erroneous in that it failed to require a finding that deceased ''saw or by the exercise of ordinary care on his part could have seen the approach'' of the truck; (3) that the instruction was erroneous in that it failed to require a finding that Mitchell was ''using the highest degree of care in the operation'' of the truck, and that he could not by such care avoid injuring deceased; (4) that the instruction is in conflict with plaintiffs' Instruction III; (5) that the instruction was erroneous in that it submitted facts for which there was no supporting evidence; and (6) that there was no evidence tending to show that deceased did not, on the occasion, exercise ordinary care.

Was it error, in the situation, to submit the defense of contributory negligence as to all the defendants? As appears, defendants, Guyot and Bruce, did not plead contributory negligence. Plaintiffs' Instruction No. 2 predicated recovery on the charge that the driver of the truck did not keep the same as near the right hand side of Paul Street as was reasonably practicable, and in this instruction the question of the negligence of the deceased was submitted thus: ''. . . and that Ben Williams was at all times exercising ordinary care for his own safety.''

In White v. United Rys Co., 250 Mo. 476, 157 S. W. 593, there was a question like the one in hand, and the court said (250 Mo. l. c. 487, 157 S. W. l. c. 596): ''That an instruction on this theory (contributory negligence) was invited by plaintiff's instruction is clear enough. The requirement that the jury should, before returning a verdict for him, find plaintiff was exercising ordinary care for his own safety, constituted a submission of the question of his contributory negligence. [Krehmeyer v. Railroad, 220 Mo. l. c. 675.] Plaintiff thus injected this issue and secured its submission to the jury. Though it be conceded that in the circumstances it was unnecessary, nevertheless plaintiff put it into the case. . . . By incorporating the clause in the instruction, however, plaintiff evidenced his desire that the question of his freedom from negligence be submitted as an issue of fact and secured such submission. Having done so he was in no position to complain because the defendant accepted the issue and asked and secured an instruction thereon.''

[See, also, Szuch v. Ni Sun Lines, Inc., et al., 332 Mo. 469, 58 S. W. (2d) 471, l. c. 472, 473, and cases there cited.]

Since plaintiffs invited and submitted the question of the negligence of deceased, they are in no position to complain that such question was submitted as to all of the defendants, although two of them did not plead such defense.

Was Instruction 13 erroneous because it failed to require a finding that deceased saw, or by the exercise of ordinary care could have seen the approach of the truck? The contributory negligence pleaded, separately, by defendants, Coleman and Mitchell, was:

"That on the occasion mentioned in plaintiffs' third amended petition, said Ben Williams, deceased, negligently and carelessly without looking or paying any attention to where he was going or what he was doing, left a place of safety and stepped into the side of defendant's motor vehicle, a tractor and trailer, more particularly contacting the left side of the trailer, resulting in injuries to himself, causing his death, on account of which said negligence and carelessness of said Ben Williams plaintiffs are not entitled to recover."

Heibel v. Ahrens (Mo.), 55 S. W. (2d) 473, was an action for damages caused by being struck by an automobile. The verdict was for the defendant, and the plaintiff appealed. Among the assignments was one on Instruction F, as follows:

"The court instructs the jury that if you find and believe from the evidence that at the time mentioned in the evidence the plaintiff undertook to and did run from the west to the east side of Gravois Avenue, at the place mentioned in the evidence; and if you further find that while plaintiff was so crossing said street, if you find she did run across said street, a street car was approaching northwardly along Gravois Avenue near the place mentioned in the evidence, and that plaintiff ran ahead of said street car; and if you further find that at said time plaintiff was in peril of being struck, and that plaintiff, by the exercise of ordinary care for her own safety, would not have undertaken to so run across Gravois Avenue, if you so find, and that the plaintiff's act in so running across Gravois Avenue at the time and place mentioned in the evidence, if you so find, directly contributed to cause her injuries, if any, then plaintiff cannot recover and your verdict must be for defendant."

The complaint on Instruction F was "that the acts enumerated as authorizing a verdict for defendant only remotely contributed to plaintiff's injury, and therefore did not amount to contributory negligence."

The opinion in the Heibel case states (55 S. W. (2d) l. c. 475) that the "defendant's answer alleged that whatever injuries, if any, plaintiff sustained were the *direct and proximate result* of the negligence of plaintiff contributing thereto, in that (1) she negligently ran across Gravois Avenue *directly in front and in the path of de-*

*fendant's automobile,* when she saw, or by the exercise of ordinary care she could have seen it, in time to have stopped and let it pass; (2) she negligently ran across Gravois Avenue *directly before a street car on said street;* and (3) she negligently ran across Gravois Avenue *directly in the path of defendant's automobile* without looking for its approach over said street, which at the time was a public highway much traveled by automobiles.'' (Italics in opinion.)

It was held that Instruction F ''was within the pleadings and proof and was properly given.'' The complaint on Instruction F was not the same as the second complaint on Instruction 13 in the present case, but we do not think that plaintiffs were prejudiced by the omission of the requirement as stated in the second complaint on Instruction 13.

■ Was Instruction 13 erroneous because it did not require a finding that the driver of the truck, at the time, was exercising the highest decree· of care, and notwithstanding, could not have avoided injuring deceased?

Defendants cite Windsor v. McKee et al. (Mo. App.), 22 S. W. (2d) 65, in support of the contention that it was not necessary to predicate a finding that the driver of the truck was exercising the highest degree of care, etc. The Windsor case was for personal injuries and property damage resulting from a collision between the plaintiff's automobile and an automobile driven by defendant, McKee. Verdict was for defendants and plaintiff appealed. Among the alleged errors assigned was a complaint on defendants' Instruction B. The ground of complaint was that the instruction only required of McKee the exercise of ordinary care. In ruling the point the court said (22 S. W. (2d) l. c. 67):

''There is no contention that plaintiff was entitled to recover under the humanitarian rule. He submitted his case to the jury solely· on the theory of primary negligence. Instruction B, in addition to requiring the jury to find that McKee operated his automobile 'in a careful and prudent manner,' hypothesized facts, which, if found to be true by the jury, convicted plaintiff of the grossest sort of contributory negligence. As to this instruction, it will suffice to say that, if the jury found the plaintiff guilty of contributory negligence, as they were required to find by the instruction, it was wholly immaterial to a verdict for defendants on the plaintiff's cause of action, whether McKee exercised the highest degree of care, or ordinary care, or no care, in the operation of his automobile.''

It will be noted that Instruction 13 in the present case concludes with the provisio that it will not be applicable if the finding of the jury should be for plaintiffs under Instruction III, which submitted the case under the humanitarian rule. We rule this assignment against plaintiffs.

We do not think that there is merit in the fourth, fifth, and sixth complaints made on Instruction 13.

Three complaints are made on defendants' Instruction 14, viz.: (1) That it imposed a greater burden on plaintiffs than the law requires; (2) that it failed to tell the jury that the burden of proof as to contributory negligence was on defendants; and (3) that, by inference, it tells the jury that negligence on the part of deceased was presumed. Instruction 14 follows:

"The court instructs the jury that negligence on the part of the defendants cannot be presumed.

"In arriving at your verdict, the first question for you to consider is, were defendants negligent as charged? (All acts of negligence charged were submitted.)

"The court further instructs you that you cannot presume that defendants were negligent, nor can you guess, surmise or speculate. You must be guided solely by the testimony in the case, and you are in this connection instructed that, to recover against defendants, it devolves upon plaintiffs to prove, by the preponderance or greater weight of the testimony, that defendants were actually guilty of negligence, which is both charged and submitted to you by the court, and that that negligence, if any, directly caused deceased's injuries and death.

"Neither passion, prejudice nor sympathy should influence you in any manner in deciding this case, for it is your sworn duty to try this case and decide it according to the evidence and instructions."

Plaintiffs, appellants here, cite Mitchell v. Dyer (Mo.), 57 S. W. (2d) 1082, in support of the contention that Instruction 14 imposed a greater burden on plaintiffs than the law requires. The Mitchell case was to recover damages caused by a collision of the plaintiff's automobile with defendant's truck. The verdict was for the defendant, but a new trial was granted and defendant appealed. The instruction complained of was as follows:

"The court instructs the jury that the burden is on the plaintiff to prove, by the preponderance or greater weight of the credible evidence in the case, the negligence of the defendant as alleged in plaintiff's petition, and the court further instructs you that if the plaintiff has not established the truth of the allegations of its petition by the preponderance, or greater weight of the credible evidence in the case, or if you are unable to determine by reason of conscientious doubt, or a conflict in the evidence, on which side the preponderance of the credible evidence lies, as regards the allegations of plaintiff's petition, then in either event plaintiff is not entitled to recover and your verdict must be for the defendant."

In criticizing this instruction the court said: "The instruction, when analyzed by a legal mind, is not in conflict with any principle of law. It is, however, too complicated and is likely to mislead a

jury. A short, simple instruction telling the jury that the burden is on plaintiff to prove his case by a preponderance or greater weight of the credible evidence, and that unless he has done so the jury must find for defendant, ought to be sufficient to inform the jury what plaintiff is required to do. A plain declaration to that effect will be easily understood by a jury. The more the instruction is elaborated upon, the more complex it becomes and the more it is likely to be misunderstood.''

The order granting the new trial in the Mitchell case was sustained for other reasons, and the court did not specifically rule that the instruction constituted reversible error, but it was stated that the criticism was made so that the instruction would ''not be given again.'' The instruction condemned in the Mitchell case is comparable to Instruction a, condemned in Nelson v. Evans, 338 Mo. 991, 93 S. W. (2d) 691, while Instruction 14 in the present case is similar to Instruction G in Heibel v. Ahrens (Mo.), 55 S. W. (2d) 473, cited supra. Instruction G follows (55 S. W. (2d) l. c. 476):

''The court further instructs you that you cannot presume that defendant was negligent, nor can you guess, surmise or speculate. You must be guided solely by the testimony in the case, and you are in this connection instructed that, to recover against defendant, it devolves upon plaintiff to prove, by the preponderance or greater weight of the testimony, that defendant was actually guilty of negligence, which is both charged and submitted to you by the court, and that that negligence, if any, directly caused plaintiff's injury.

''Neither passion, prejudice nor sympathy should influence you in any manner in deciding this case, for it is your sworn duty to try this case and decide it according to the evidence and instructions.''

In ruling the assignment on Instruction G in the Heibel case the court said: ''This was a burden of proof instruction, which has been approved many times substantially in the form given,'' citing Denkman v. Prudential Fixture Co. (Mo.), 289 S. W. 591, and Titworth v. Kuehn (Mo. App.), 18 S. W. (2d) 127. We do not think that plaintiff's first complaint on Instruction 14 can be sustained.

A point is made against Instruction 14 that was not made against Instruction G in the Heibel case, and that is, as stated supra, in the second complaint thereon, that the instruction failed to tell the jury that the burden of proof as to contributory negligence was on defendants, which is equivalent to saying that the instruction should have, in some appropriate way, told the jury that no duty rested on plaintiffs to prove that deceased was not guilty of contributory negligence.

Szuch v. Ni Sun Lines, Inc., et al., 332 Mo. 469, 58 S. W. (2d) 471, cited, supra, was an action for damages, resulting from plaintiff's automobile being struck by defendants' motorbus. The verdict and judgment were for defendants and the plaintiff appealed.

One of the assignments was on Instruction No. 6 given at the request of defendants, which instruction follows:

"The court instructs the jury that the burden of proof is on the plaintiff to establish by the preponderance or greater weight of the evidence, the facts necessary to a verdict in his favor under these instructions.

"The court uses the terms 'burden of proof' and 'preponderance of the evidence' by the way of briefly expressing the rule of law, which is, that unless the evidence (as to such issue) appears in your judgment to preponderate, in respect to its credibility, in favor of the party to this action on whom the burden of proof (as to such issue) rests, then you should find against such party on said issue."

In ruling the assignment on Instruction No. 6 the court said (58 S. W. (2d) l. c. 473):

■ "Contributory negligence is an affirmative defense, and the burden of proving it rests on the defendant. [Clark v. A. & E. Bridge Co., 324 Mo. 544, 565, 24 S. W. (2d) 143, 153.] While Instruction No. 1 given at plaintiff's request, required the jury to find from the evidence as a condition of plaintiff's recovery that his automobile was being driven and operated without any negligence on his part, it did not place the burden of proving plaintiff's freedom from negligence upon him. Absent proof of such negligence the jury would find that plaintiff was not negligent. But Instruction No. 6 told the jury that the burden of proof was 'on the plaintiff to establish by the preponderance or greater weight of the evidence, the facts necessary to a verdict in his favor under these instructions.' In the light of Instruction No. 1, which was one of 'these instructions' the jury might well conclude that this meant that the burden was on plaintiff to prove that his automobile was driven and operated without any negligence on his part, and the concluding paragraph of Instruction No. 6 did not clarify the matter. We think the giving of this instruction under such circumstances was prejudicial error." [See, also, Tappmeyer v. Ryckoff (Mo. App.), 45 S. W. (2d) 890; and Mott et al. v. Chicago, R. I. & P. Ry. Co. (Mo. App.), 79 S. W. (2d) 1057.]

In the present case, as appears, supra, plaintiffs' Instruction No. 2 required a finding that deceased "was at all times exercising ordinary care for his own safety." The same reasoning invoked to condemn defendants' Instruction No. 6 in the Szuch case, supra, would condemn Instruction 14, if the situations were the same, but such is not the case. In the Szuch case Instruction No. 6 told the jury that the burden was on the plaintiff to establish, by the preponderance or greater weight of the evidence, the facts necessary to a verdict in his favor "under these instructions," while Instruction 14, in the present case, told the jury that it devolved upon plaintiffs to prove, by the preponderance or greater weight of the testimony

that defendants were "actually guilty of negligence." *These instructions* in the Szuch case included the plaintiff's Instruction No. 1, which required a finding, as a condition of recovery, that he was free from negligence. It will be observed that Instruction 14 was confined solely to the *negligence of the defendants,* and contained no language that could be construed as telling the jury that the burden was on plaintiffs to prove that deceased was not guilty of contributory negligence. [See Anderson v. Dail, 229 Mo. App. 272, 77 S. W. (2d) 169.]

Plaintiffs also challenge Instruction 14 on the alleged ground that it, by inference, tells the jury that "they are fully justified in presuming negligence on the part of the deceased, and that it is only the negligence on the part of the defendants which cannot be presumed." The reasoning is that the instruction tells the jury that the negligence of defendants cannot be presumed, but says nothing as to such presumption being applicable to deceased. The instruction did not say that negligence on the part of deceased would be presumed, and if plaintiffs thought it needed clarifying, in the respect under consideration, it was their duty to have submitted a clarifying instruction. [Nelson v. Heinz Stove Co., 320 Mo. 655, 8 S. W. (2d) 918; Larkin v. Wells et al. (Mo. App.), 44 S. W. (2d) 882.]

Defendants' Instruction No. 1 was a cautionary instruction as to the duty of the jury. In effect, plaintiffs say that this instruction was unwarranted, and they say, if warranted, the caution was over emphasized by repetition in the last paragraph of defendants' Instruction No. 14, set out supra. Defendants' Instruction No. 1 was as follows:

"The court instructs the jury that the sole parties in this case are the plaintiffs (plaintiff) Walter F. Sheehan, curator of the estate of the deceased's children, on the one hand, and defendants Charles A. Guyot and A. J. Bruce, a partnership, doing business as Little Rock Forwarding Company, Porter L. Coleman and Harvey Mitchell, on the other hand, and it is your sworn duty to try the issues and decide the facts between said parties solely on the evidence in the case and in accord with the instructions of the court, wholly without regard to prejudice or sympathy, and to the proper administration of justice it is absolutely necessary that you so decide the issues between them."

The court, in Johnson v. St. Louis & Sub. Ry. Co., 173 Mo. 307, l. c. 319, 73 S. W. 173, speaking of the *refusal* of a *sympathy* instruction said: "It is equivalent to saying to the jury that 'you are sworn to try the case according to the evidence adduced, and you must do your duty,' when nothing had transpired to indicate that jurors were unmindful of their sworn duty, or that they could be fairly suspected of an intention not to do their duty. Such an instruction

is only proper under exceptional circumstances, after the jury has shown undue regard for or interest in a party litigant and have evinced in some way a disregard of their sworn duty. If the case is tried before the court and such an instruction is asked, the judge would have just cause to feel insulted, and, the same is true as to any well-behaved jury.''

Speaking of the *refusal* of a cautionary instruction in Larey v. M. K. & T. Railroad Co., 333 Mo. 949, 64 S. W. (2d) 681, l. c. 685, the court used this language: ''Our system is to tell the jury what issues are in the case rather than to tell them what issues are not. Under special circumstances various kinds of cautionary instructions may be given, but even proper cautionary instructions are not a matter of right. They are discretionary with the court,'' citing Wolfson v. Cohen (Mo.), 55 S. W. (2d) 677; Derrington v. Southern Ry. Co., 328 Mo. 283, 40 S. W. (2d) 1069; Aronovitz v. Arky (Mo.), 219 S. W. 620; Huss v. Heydt Bakery Co., 210 Mo. 44, 108 S. W. 63; Johnson v. St. Louis & Suburban Ry. Co., supra.

In Fantroy v. Schirmer et ux. (Mo. App.), 296 S. W. 235, the giving of three instructions on the burden of proof was held to be error, because such ''tended to unduly emphasize the law relating to the burden of proof.'' In Miller v. Williams (Mo.), 76 S. W. (2d) 355, the giving of two instructions on the burden of proof was criticized.

As stated in Larey v. M. K. & T. Ry. Co., supra, ''under special circumstances various kinds of cautionary instructions may be given,'' but such instructions should not be given unless warranted, and of course the same *caution* should not be repeated.

In Wolfson v. Cohen, supra, the propriety of cautionary instructions was considered. The court said (55 S. W. (2d) l. c. 681):

''As to whether or not such cautionary instructions were prejudicial, that matter was reviewed by the trial court upon motion for new trial. If the trial court had granted a new trial upon the ground that these instructions, by unnecessarily emphasizing the burden of proof and the element of sympathy, or by minimizing the importance of plaintiff's injuries, had prejudiced the rights of plaintiff and prevented a fair determination of the case by the jury, we would be inclined to sustain it. However, since the court, which observed the witnesses and the jury, has not done so, we do not feel that we could hold that, as a matter of law, these instructions were unwarranted, and that they were prejudicial to plaintiff, or prevented a fair trial.

We cannot say, from the record, that the trial court abused its discretion in giving a cautionary instruction, and we do not think we would be justified in overturning the verdict because of the repetition.

The judgment should be affirmed and it is so ordered. *Ferguson* and *Hyde, CC.,* concur.

386

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur, except *Hays, P. J.*, who concurs in result.