Mrs. Loma **PERRY**, Appellant,

v.

**STOCKHOFF SUPPLY COMPANY** and George Jasper, Respondents.

No. 48591.

Supreme Court of Missouri,

Division No. 1.

April 9, 1962.

John J. Relles, Clayton, William L. Mason, Jr., St. Louis, for appellant.

Hartman, Guilfoil & Albrecht, Edmund C. Albrecht, Jr., James L. Homire, Jr., St. Louis, for respondents.

HOLMAN, Commissioner.

Plaintiff instituted this action against Stockhoff Supply Company and George Jasper, defendants herein, in an effort to recover damages in the sum of $26,800 for personal injuries and property damage resulting from an automobile collision. The jury returned a verdict in favor of both defendants. Plaintiff has appealed from the judgment entered upon said verdict and in this court has briefed the sole contention that the trial court erred in giving Instruction No. 4 at the request of the defendants.

The collision in question occurred at about 10:30 a. m. on July 27, 1959, on Page Avenue in St. Louis, Missouri. That street runs east and west and at collision point has six traffic lanes. Parking is permitted in the two outside lanes which leaves two lanes for traffic in each direction. The center of the street is marked by two white lines. Plaintiff was driving her car west on Page. Defendant Jasper was driving a Stockhoff Supply Company truck and was also proceeding west on Page Avenue. Admittedly, plaintiff's car was going west in the inside eastbound lane (her wrong side of the street) at the time it collided headon with an eastbound pickup truck driven by one Green.

Plaintiff testified that just prior to the collision she had been driving her car in the inside westbound lane and that the truck driven by Jasper was alongside her car in the lane to her right and that the truck suddenly "drifted" over into her lane and came into forcible contact with her car causing her to lose control of her car with the result that it moved to the left of the center line and collided headon with the Green truck.

Defendant Jasper testified to a much different version of the occurrence. He stated that he was driving his truck in the inside westbound lane when he saw in his outside rear-view mirror that plaintiff's car was starting to pass his truck on his left in the north eastbound lane; that he realized that the car was on the wrong side of the street and therefore applied the brakes and stopped his truck so that plaintiff's car could be driven in front of him and onto the right side of the street, but that plaintiff's car continued in the east-

bound lane and collided with the Green truck about two truck lengths west of the point where he stopped his truck. Mr. Jasper denied that there was any contact between his truck and plaintiff's car.

As stated, plaintiff complains of Instruction No. 4, which reads as follows: "The court instructs the jury that the burden of proof is upon the plaintiff Loma Perry to prove by the preponderance, that is, the greater weight of the credible evidence, that the defendants, Stockhoff Supply Company and George Jasper, were guilty of negligence which directly and proximately caused or contributed to cause the plaintiff's injuries and loss, if any, and this burden continues and abides with the plaintiff throughout the entire trial; and unless you find and believe from the evidence that the plaintiff has proved by the preponderance or greater weight of the credible evidence that the defendants, Stockhoff Supply Company and George Jasper, were guilty of negligence which directly and proximately caused or contributed to cause the plaintiff's injury and loss, if any, then your verdict must be for the defendants, Stockhoff Supply Company and George Jasper."

Plaintiff contends that this instruction is erroneous because it directs a verdict for defendants unless the jury finds negligence on the part of Stockhoff as well as the individual defendant. It is said that the requirement of a finding of negligence on the part of Stockhoff causes the instruction to conflict with Instruction No. 1 and was unnecessary and confusing because of admissions made by defendants in their answers.

Plaintiff's first amended petition contained the following allegations: "The defendant, Stockhoff Supply Company * * * is engaged in the supply business and in the course of the operation of said business, at all times hereinafter mentioned, acting by and through its agents, servant and employee, defendant George Jasper, was in charge and control of and operating the hereinafter-mentioned motor truck." Those allegations were admitted in the answer of each defendant. Thereafter, in paragraph 4 of said petition, plaintiff alleged negligence on the part of both defendants in a number of respects, and those allegations were denied by the defendants.

The admissions heretofore set out were not read to the jury nor was the jury advised thereof by any statement of the court or counsel, or in any instruction given by the court, or in any other manner. As a result of said admissions plaintiff's main verdict-directing Instruction No. 1 did not require a finding of negligence on the part of Stockhoff. It hypothesized certain facts relating to the operation of "the truck" by defendant Jasper, required a finding that such conduct was negligence and that such negligence directly caused the collision between plaintiff's car and the Green automobile, and concluded by directing a verdict in favor of plaintiff and against both defendants.

In view of the foregoing admissions we do not think plaintiff's Instruction No. 1 was erroneous in directing a verdict against Stockhoff upon a finding of proximate negligence on the part of defendant Jasper. However, when considered alone, defendants' Instruction No. 4 would not appear to be erroneous in form in requiring a finding of negligence on the part of each defendant. Plaintiff had alleged negligence on the part of both defendants and their answers had denied such. Plaintiff had the burden of proving that negligence. However, when we consider the admissions heretofore quoted, in the light of the doctrine of respondeat superior, plaintiff could prove the negligence of Stockhoff simply by proving negligence on the part of its employee Jasper.

Instructions 1 and 4 were consistent in the sense that they properly required a verdict for or against both defendants and made no provision for a verdict against only one of them. They were, however,

somewhat inconsistent in that No. 4 required a finding of negligence on the part of both defendants as a condition to a verdict against them, while No. 1 directed a verdict against both defendants upon a finding of proximate negligence on the part of defendant Jasper only. While neither of these instructions contained any incorrect statement or misdirection, we think that if only these two instructions were considered they could have been confusing to the jury.

█ In the circumstances here presented, however, all of the instructions may be read and construed together and, when that is done, if they are not conflicting, misleading or confusing the verdict will be sustained even though one or more of the instructions, considered separately, would have been misleading if it had not been explained or supplemented by other instructions. Nelson v. Tayon, Mo.Sup., 265 S.W.2d 409; St. Louis Housing Authority v. Bainter, Mo. Sup., 297 S.W.2d 529.

Instruction No. 2, given at the request of plaintiff, reads as follows: "The court instructs the jury that in connection with the issue of burden of proof in this case, if you find and believe from the preponderance or greater weight of the credible evidence that the facts are as submitted to you in Instruction No. 1, then the plaintiff, Mrs. Loma Perry, has met and carried the burden of proof imposed upon her by law and under the instructions herein."

█ Instruction 4 was the only burden of proof instruction given. Instruction No. 2 told the jury, in effect, that if it found the facts submitted in Instruction No. 1, that was all that was required in order to carry the burden of proof imposed by Instruction No. 4. Instruction No. 2 would likely have eliminated any confusion that might otherwise have been created by Instructions 4 and 1. However, regardless of the effect of Instruction No. 2, we are of

the view that if counsel for plaintiff were fearful that said instruction was not sufficient to cure any confusion that might arise from the language in Instruction No. 4 they should have offered an instruction more explicitly explaining plaintiff's theory of the proof required. Had she requested it plaintiff would have been entitled to an instruction telling the jury of the admissions made by defendants in the pleadings, and that in consequence thereof the acts of Jasper at the time and place in question were the acts of Stockhoff, and that a finding of proximate negligence on the part of Jasper (as hypothesized in Instruction No. 1) would be sufficient to meet the burden of proof required by Instruction No. 4 and to require a verdict against both defendants. Under the circumstances of this case we think it was the obligation of plaintiff to offer an instruction which would have explicitly clarified any confusion she thought might result from the jury's consideration of Instructions 1 and 4, and if she did not do so she is in no position to complain that the jury was misled and confused by Instruction No. 4. Williams v. Guyot, 344 Mo. 372, 126 S.W.2d 1137; Jenkins v. Wabash R. Co., Mo.Sup., 322 S.W.2d 788; Nelson v. C. Heinz Stove Co., 320 Mo. 655, 8 S.W.2d 918.

What we have heretofore said will indicate our view that the giving of Instruction No. 4 did not constitute reversible error.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.